**Luther C. GABRIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–187–CR.**

Court of Appeals of Texas,
Waco.

June 10, 1998.

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

Robert W. Gage, County/District Attorney, Fairfield, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

CUMMINGS, Justice.

Luther Gabriel was convicted by jury of indecency with a child. *See* TEX. PEN.CODE ANN. § 21.11 (Vernon 1994). He was sentenced by the court to sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice, and the judge ordered his sentence to run consecutively to a prior sentence imposed in 1990 for another charge of indecency with a child. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.1998). On appeal Gabriel presents one issue challenging the admissibility of the child's outcry statements. *See*

TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.1998).

## I. Factual Background

In February 1996, S.B., a seven-year-old child, lived with her mother and her four siblings in Teague, Texas. S.B. testified that one day when she was playing at a playground near her house Luther Gabriel dragged her behind some bushes and kissed her. S.B. explained that she ran away from Gabriel but later returned to play on the playground. Then, as S.B. was playing on the playground's slide, Gabriel got on top of her at the bottom of the slide, stuck his hand down her pants, and put his finger inside her "privates."

Y.B., S.B.'s brother, saw this incident from where he was playing on the basketball court. Y.B. said both he and Gabriel's wife went over to the slide and told Gabriel to get off S.B.[1] S.B. told her mother what Gabriel had done five days later, and S.B.'s mother contacted the police. S.B.'s mother testified about S.B.'s outcry at trial.

After S.B.'s mother reported the incident, S.B. was referred to Dr. Jensen for a physical examination. Dr. Jensen's examination revealed that the appearance of S.B.'s vagina was consistent with penetration by a finger.

## II. Issue Presented

■ Gabriel claims the court erred in allowing S.B.'s mother to testify as to S.B.'s out-of-court statements about the incident. Out-of-court statements offered at trial to prove the truth of the matter asserted are inadmissible hearsay unless the statements fall within a hearsay exception found in the statutes or rules of evidence. *See* TEX. R.CRIM. EVID. 801, 802, 49 Tex. B.J. 220, 229–230 (1986, amended 1997). At trial the State claimed that S.B.'s statements to her mother about Gabriel's actions were admissible pursuant to article 38.072 as an exception to the hearsay rule. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072. When a defendant is charged with certain specific crimes, including indecency with a child, and the victim of the offense is a child twelve years old or

1. At trial Gabriel's wife denied that this oc-    curred.

younger, article 38.072 provides an exception to the hearsay rule which permits testimony about the child's out-of-court statements. *Id.* Section 2(a) of article 38.072 defines what outcry statements of the child are within this hearsay exception:

(a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (Vernon Supp.1998). Section 2(b) lists the requirements which must be followed by the party offering the outcry statements:

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(b) (Vernon Supp.1998).

In the instant case Gabriel made a hearsay objection in response to the State's offer of testimony from S.B.'s mother about S.B.'s statements made five days after the event. This objection was overruled, and Gabriel contends on appeal that the judge erred in admitting S.B.'s statements because the State failed to comply with the requirements

of article 38.072. *See Long v. State,* 800 S.W.2d 545, 548 (Tex.Crim.App.1990) (holding that once a hearsay objection is made the State has the burden to prove compliance with article 38.072 in order to admit testimony under this hearsay exception). Gabriel claims the State failed to prove that it gave proper notice to Gabriel at least 14 days before trial of its intent to offer testimony about S.B.'s outcry or to prove that S.B.'s mother was the first person S.B. told about Gabriel's conduct. Gabriel also argues that, at the conclusion of the hearing held to determine whether S.B.'s outcry was reliable, the trial judge failed to affirmatively state that he found S.B.'s outcry to be reliable based on the time, content, and circumstances surrounding the outcry. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2) (Vernon Supp.1998).

## A. Did the trial judge make a reliability finding?

■■■ Following voir dire, the jury was dismissed and a hearing was conducted outside the jury's presence to determine the reliability of the outcry. At this hearing S.B.'s mother was questioned by the State, Gabriel's trial counsel, and the trial judge. Gabriel's attorney then made a hearsay objection and urged the court that S.B.'s outcry was not reliable. The court overruled Gabriel's objection to the testimony, and when questioned about this ruling, the judge stated that the outcry had a "potential for believability" and had "as good a chance of being reliable as not." Gabriel characterizes the judge's ruling as a "lukewarm endorsement" which he claims is an insufficient finding of reliability. We disagree. After conducting a reliability hearing a trial judge is not required to enter written findings regarding the reliability of an outcry, but the judge may impliedly find the testimony reliable by overruling a defendant's objections to the evidence and holding that the testimony is admissible. *See Villalon v. State,* 791 S.W.2d 130, 136 (Tex.Crim.App.1990). We believe the judge's actions in this case indicate that he found the outcry reliable as required by article 38.072 when he overruled Gabriel's

objection to the testimony of S.B.'s mother regarding S.B.'s outcry statements.

### B. Did the State prove S.B.'s mother was the first person over the age of eighteen, other than the defendant, to whom S.B. made outcry statements?

■ During the pretrial hearing S.B.'s mother testified:

[Q:] Okay. Who was the first person that she told before she talked to you?

[A:] She didn't tell anybody before she talked to me. She talked to me, directly to me.

Thus, there was evidence presented that S.B.'s first outcry was to her mother. At the pretrial hearing S.B.'s mother did not testify to her age, but the judge was able to observe her appearance, and later at trial, S.B.'s mother confirmed that she was over eighteen when she stated that she was twenty-five years old. Therefore, we believe section 2(a)(2) of article 38.072 was satisfied.

### C. Did the State give Gabriel notice of its intent to offer S.B.'s outcry statements?

■ Gabriel asserts that the record from the trial court does not reflect that the State gave notice at least 14 days before the trial of its intent to introduce S.B.'s outcry through her mother's testimony. In response, the State argues that Gabriel has not preserved his right to complain about this error, that it complied with article 38.072's notice requirements, and that any error which may have occurred was harmless.

■ The State questions whether Gabriel has preserved his right to complain about a lack of notice because, after making his hearsay objection, Gabriel's arguments to the judge focused on the lack of reliability of the outcry and not on a lack of notice. However, as we pointed out above, under the Court of Criminal Appeals decision in *Long v. State* it is clear that a defendant's hearsay objection is sufficient to preserve error for any failure to comply with the mandatory requirements of article 38.072 because, after a hearsay objection is made, the State has the burden to show it has complied with all the requirements listed in article 38.072.

*Long,* 800 S.W.2d at 547–48. Thus, Gabriel has preserved error for appellate review.

■ The State also maintains that notice was given to Gabriel's trial counsel in compliance with article 38.072 but the State's letter giving notice was not included in the record at trial. The State has attached as "Appendix A" to its appellate brief a copy of the notice letter allegedly sent to Gabriel's trial counsel to inform him of the State's intent to introduce S.B.'s outcry statements. However, we are unable to consider this letter provided by the State because appellate courts cannot consider items which are not part of the record from the trial court. *See Rasberry v. State,* 535 S.W.2d 871, 873 (Tex. Crim.App.1976); *White v. State,* 456 S.W.2d 935, 936 (Tex.Crim.App.1970); *Kaman v. State,* 923 S.W.2d 129, 132 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *see also Pena v. State,* 932 S.W.2d 33, 35 (Tex.App.—El Paso 1996, no pet.). Similarly, we cannot consider the State's allegation that trial counsel for Gabriel made an agreement outside the record to only object to the reliability of the outcry statements. *See id.*

■ Consequently, because there is no evidence in the record demonstrating that the State gave notice in compliance with article 38.072, we conclude the court erred in admitting testimony from S.B.'s mother about the outcry. As we have found error in the admission of this evidence, we must decide whether Gabriel was harmed by this error. *See* TEX.R.APP. P. 44.2. When a non-constitutional error is made during the course of a trial, it will be disregarded as a harmless error if the error did not affect the substantial rights of the appellant. *Id; King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). An appellant's substantial rights are implicated "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King,* 953 S.W.2d at 271.

■ The purpose of article 38.072's notice requirement is to prevent a defendant from being surprised at trial by testimony about the victim's outcry statements. *See Fetterolf v. State,* 782 S.W.2d 927, 930 (Tex.

App.—Houston [14th Dist.] 1989, pet. ref'd); see also Upton v. State, 894 S.W.2d 426, 429 (Tex.App.—Amarillo 1995, pet. ref'd). Thus, in determining if a failure to comply with article 38.072, section 2(b)'s notice requirement is harmless error, appellate courts have looked at whether the defendant was actually surprised by the outcry evidence presented by the State and whether the defendant was prejudiced by a lack of notice. Id. Also, as with any trial error, we can assess the harmfulness of the error by examining the source of the error, its nature, the extent the error was emphasized, potential collateral implications, the weight a juror would place on the error, and the possible repetition of the error by the State if declared harmless. Harris v. State, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989); Biggs v. State, 921 S.W.2d 282, 285 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd).

In the instant case, after reviewing the entire record, we believe the error in admitting the outcry evidence was harmless and did not affect Gabriel's substantial rights. Before the State began presenting evidence in its case-in-chief at trial, a hearing was held on the reliability of S.B.'s outcry, and during this hearing, Gabriel's trial counsel did not complain about a lack of notice or express any surprise at the State's plan to offer the outcry statements. At the hearing Gabriel's attorney throughly cross-examined S.B.'s mother about the circumstances surrounding S.B.'s outcry and argued to the judge that the outcry was not reliable. Later, during the trial, Gabriel's attorney also had the opportunity to question both S.B. and her mother about the incident. Thus, the record does not reflect that Gabriel was surprised by the State's introduction of evidence about S.B.'s outcry, nor does it reflect any prejudice which resulted from the State's failure to give notice as required by article 38.072. Furthermore, after considering S.B.'s testimony that Gabriel put his hand down her pants and touched her privates, her brother's testimony that he had seen this occur, and Dr. Jensen's testimony about the appearance of S.B.'s genitals, we do not believe the jury placed much weight on the outcry evidence, and we conclude that the error in admitting S.B.'s outcry statements did not affect the outcome of the trial. See Fowler v. State, 958 S.W.2d 853, 865 (Tex.App.—Waco 1997, pet. granted); see also Harris, 790 S.W.2d at 587; Biggs, 921 S.W.2d at 286.

Several of the other factors articulated in Harris also suggest a finding that the error in the instant case was harmless. Harris, 790 S.W.2d at 587. The nature and source of the error was a failure by the State to assure that the record indicated proper notice was given to the defendant, and the collateral implications of this error were minimal as Gabriel's attorney did not appear to be actually surprised by the outcry statements. See Biggs, 921 S.W.2d at 286. Moreover, it is not likely the error which occurred in this instance will be repeated in future cases if declared harmless by the Court because all the State must do to correct this deficiency is file the notice required under article 38.072 with the trial court clerk. If in future cases the State fails to properly notify defendants of its intent to offer outcry testimony, then those defendants will be able to object to the outcry testimony claiming that the State surprised them with the evidence. Id. at 287. Thus, the Harris factors weighing in favor of declaring the error harmless outweigh any emphasis the State placed on this evidence in its opening and closing statements.

Consequently, we find the error harmless, overrule Gabriel's complaint, and affirm the trial court's judgment.