NO. 07-01-00153-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 10, 2002


______________________________



CARRIE ALESHA JOHNSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 263rd DISTRICT COURT OF HARRIS COUNTY;



NO. 854,807; HON. JIM WALLACE, PRESIDING


_______________________________



Before QUINN, REAVIS and JOHNSON, J.J.

 Carrie Alesha Johnson (appellant) was convicted by a jury for the felony offense of
aggravated robbery. Through two points of error, she alleges that 1) the trial court erred
in denying her motion to suppress the complainant's out-of-court identification of her, and
2) the trial court erred in allowing the prosecutor to mention an alleged extraneous offense
during the punishment phase. We affirm. 


Background

 On June 21, 2000, Mimi Phan (Mimi), Tu Nguyen (Tu), and Mai Pham (Mai) were
employed as manicurists at Griggs Nails, a nail salon. Around 5 or 6 p.m., a woman
entered the salon and stole approximately $700 dollars from a basket located at the
owner's work station. Mimi attempted to thwart the robbery but terminated her efforts when
appellant brandished a gun and pointed it at Mimi's face. When this occurred, the two
were within feet of each other. Appellant, with money in hand, then exited the salon and
met an accomplice who was waiting to drive her away. 

 Police investigated the robbery and received a description of the culprit. According
to the officer who testified, Mimi described the person who committed the offense as a
black female in her early twenties weighing 125 to 130 pounds. (1) So too did the officer
recall that Mimi indicated that the suspect may have been a customer. 

 Several months later, Mimi contacted the police and informed them of the name of
the suspect. The latter was known to various law enforcement officials. Thereafter, an
officer compiled a photo spread containing the picture of appellant and five other black
women. In selecting the pictures to include in the photo array, the officer sought to find
other women of about the same race, age, and similar complexion as appellant. However,
because appellant's hair style was unique, i.e. it was tinted maroon, he searched for
pictures depicting women matching the foregoing characteristics but each with unique
hairstyles as well. And, one of the pictures selected was that of a young black woman with
hair tinted orange. 

 Upon compiling the array, it was taken to the nail salon for perusal. Mimi, Mai, and
Tu viewed it separately. Mimi and Mai instantly selected the picture of appellant while Tu
did so after reviewing the pictures over a brief period. Thereafter, appellant was arrested,
tried for aggravated robbery with a deadly weapon and convicted of the offense. Point One - Unreasonably Suggestive Photo Spread

 Appellant initially argues that the trial court erred in overruling her motion to
suppress the out-of-court identification of her as the robber. Suppression was allegedly
appropriate because the identification was tainted by an unreasonably suggestive photo
spread. That is, appellant believed the display and identification was tainted because her
picture was the only one of a woman with maroon hair. We overrule the point. 

 Whether the trial court erred in rejecting the claim at bar depends upon whether it
abused its discretion. Kelly v. State, 18 S.W.3d 239, 242 (Tex. App.-Amarillo 2000, no
pet.). In other words, the appellant must show that the decision fell outside the zone of
reasonable disagreement. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
 At the very least, this would require that she not only prove that the photographic display
was impermissibly suggestive but also that the procedure utilized created a substantial
likelihood of irreparable misidentification. Connor v. State, ___ S.W.3d ___ No. 73,591,
2001 WL 1043248 (Tex. Crim. App. Sept. 12, 2001).

 Next, authority holds that it is not essential that the individuals depicted in the photos
be identical; "neither due process nor common sense" requires such exactitude. Buxton
v. State, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985). Consequently, minor variations in
appearance do not alone taint the identification procedure utilized when the subjects
depicted are reasonably similar to one another. Bethune v. State, 821 S.W.2d 222, 229
(Tex. App.--Houston [14th Dist.] 1991), aff'd, 828 S.W.2d 14 (Tex. Crim. App. 1992). 

 Appearing of record at bar is evidence that the officer who compiled the photo array
endeavored to select pictures of women who appeared similar to appellant. Indeed,
appellant does not question whether the photos selected depicted women of comparable
sex, race, age, and complexion. She simply believes that because hers was the only one
of a woman with maroon hair, the array was unduly suggestive. 

 While oddly colored or styled hair arguably may not be a minor variation in physical
characteristics, evidence of record indicates that the officer attempted to ameliorate the
feature. He did so by incorporating into the array other women with unique coiffures,
including one with orange hair. And, because those characteristics appeared in one or
more of the other pictures, the trial court had evidence upon which it reasonably could have
concluded that appellant failed to satisfy the first element in Connor. That is, it could have
reasonably held that the tenor of the array did not somehow manipulate those viewing it
to focus upon the picture of appellant since others had funky hair as well. 

 Moreover, that the robbery occurred during the daytime, that the robber stood within
very close proximity of Mimi as the two struggled over the money, that the witnesses did
not equivocate in their selection of appellant's picture, and that appellant appeared to be
a customer of the salon are indicia dissuading one from concluding that the out-of-court
identification irreparably tainted the in-court identification. In other words, evidence
appeared of record upon which the trial court reasonably could have found that those who
witnessed the robbery could identify appellant irrespective of any previous photo array
seen by them. 

 In sum, the trial court's decision to reject appellant's attempt to exclude the out-of-court identification did not fall outside the zone of reasonable disagreement. Since it did
not, the decision was not an instance of abused discretion.

Point Two - Allusion to an Extraneous Offense

 Appellant next contends the trial court erred in allowing the State to continuously
mention an alleged extraneous offense during the punishment phase. The offense in
question was an aggravated robbery, and, according to the State, appellant had been
adjudicated as engaging in delinquent conduct while a minor due to her commission of the
robbery. The offense in question was only one of several mentioned, however. The others
consisted of burglary, aggravated assault with a deadly weapon, assault and theft. That
she committed the latter four crimes was undisputed. Indeed, appellant stipulated to their
admission into evidence. Instead, she merely contested reference to the aggravated
robbery charge. We overrule the point.

 Whether the trial court erred in permitting the State to allude to the extraneous
offense depends upon whether it abused its discretion. Wyatt v. State, 23 S.W.3d 18, 26
(Tex. Crim. App. 2000). And, if it can be said that the decision falls within the zone of
reasonable disagreement, we must hold that it did not abuse its discretion. Hughes v.
State, 24 S.W.3d 833, 843 (Tex. Crim. App. 2000), cert. denied, 121 S.Ct. 430 (2000).

 Next, it is beyond dispute that a trial court may admit evidence of extraneous
offenses during the punishment phase of the trial. Tex. Code Crim. Proc. Ann. art. 37.07,
§3(a) (Vernon Supp. 2001). So too may a trial court permit the State to examine witnesses
about the defendant's commission of bad acts or crimes when the defendant calls those
witnesses to bolster his request for probation. Murphy v. State, 4 S.W.3d 926, 931 (Tex.
App.-Waco 1999, pet. ref'd). And, to legitimately broach the subject of prior bad acts
during cross-examination, the State need only have a good faith basis for asking about the
acts. Id. Finally, offense reports, investigation reports, arrest records, or judgments of
conviction may provide such a good faith basis. Id.

 Here, the appellant sought probation and, in support thereof, called her father to
testify on her behalf. After he testified about how his daughter merited probation, the State
examined him about his knowledge of her prior crimes. This examination included allusion
not only to those offenses to which appellant stipulated but also the robbery in question. 
Prior to broaching the latter, however, the State informed the trial court that it possessed
a judgment revealing that a someone with a name and birth date identical to those of
appellant committed the crime. The possession of such a judgment created a good faith
basis for the State to ask appellant's father about his knowledge of the crime. Murphy v.
State, supra. Thus, allusion to the crime during the punishment phase was not improper. 
 Nor was it improper to ask the appellant about the crime when she testified on her
own behalf during the punishment phase. Having taken the stand, she placed her
credibility and character into issue. Norris v. State, 902 S.W.2d 428, 440 (Tex. Crim. App.
1995). And, having done so, the State was entitled to ask whether she committed the
offense in question, given that it had a good faith basis to believe that she had.

 In sum, the State had good faith basis to raise the matter of the robbery. Thus, the
trial court did not abuse its discretion in admitting the evidence. (2)

Third Point - Instruction Regarding Extraneous Offenses


 Finally, appellant contends that the trial court erred in omitting a particular instruction
from the punishment charge. The instruction entailed informing the jurors that before they
can consider the evidence of extraneous offenses, the State had to prove, beyond
reasonable doubt, that appellant had committed them. We overrule the point.

 Assuming arguendo that error occurred, we find no harm irrespective of the harm
standard applied. This is so for various reasons. First, as to the aggravated robbery which
the State allegedly failed to prove appellant committed, the trial court sustained appellant's
objection to the admission of the judgment depicting same. The judgment having been
excluded, there would be no need for the jury to determine whether the State proved
appellant committed the offense. Second, as to the remaining offenses discussed during
the punishment phase, appellant stipulated to their admission into evidence. In other
words, she effectively admitted that she committed them. She, having admitted to their
commission, there was no need for the jury to determine whether the State proved she
committed them. So, excluding the instruction at issue cannot be said to have caused
appellant egregious harm. 



 Accordingly we affirm the judgment of the trial court.


 Brian Quinn

 Justice 




Do Not Publish.
1. At trial, Mimi stated that she told the investigating officer that the robber was "fatter than me."
2. Disposing of the issue as we do, we need not decide if admitting evidence of an appellant's
commission of a fifth crime is harmful when she stipulated to the commission of others just as egregious.



>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0139-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MAY 19, 2011

______________________________

 

 

JOSEPH MICHAEL ANDERSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 19TH DISTRICT COURT OF McLENNAN COUNTY;

 

NO. 2009-1366-C1; HONORABLE RALPH T. STROTHER, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            Following a plea of not
guilty, Appellant, Joseph Michael Anderson, was convicted of driving while
intoxicated, enhanced,[1]
and sentenced to thirty years confinement.[2]  By a single issue, he maintains the trial
court abused its discretion by sua sponte
and pre-emptively forbidding defense counsel from comparing the burden of proof
required in a criminal case with the burden of proof required in a civil case
during voir dire.  We affirm.

Background[3]

            During the early morning hours of February 11, 2009, Officer Michael
Miller observed Appellant's vehicle exit a motel parking lot, cross into an
oncoming lane, and roll through a stop sign. 
Officer Miller initiated the lights of his patrol car and pulled
Appellant over for traffic violations. 
After approaching Appellant, Officer Miller noticed the smell of an
alcoholic beverage on Appellant's breath. 
According to the officer, Appellant was not wearing a shirt, had red,
bloodshot eyes, and his speech was slurred. 
Appellant was asked to exit his vehicle and instructed to perform three
field sobriety tests.  According to
Officer Miller, Appellant was not able to perform any of the tests
satisfactorily and was arrested.

Prior to commencement of voir
dire, the trial court announced:

When you're voir diring the jury and we're talking about the standard of
proof, proof beyond a reasonable doubt, I don't allow anybody to talk about
clear and convincing evidence, preponderance of the evidence, and compare that
to proof of beyond a reasonable doubt.  I
think that confuses the jury panel, I think it's misleading, so I don't want
anybody saying that you've got to have this much -- a certain quantity of
evidence to prove a civil case and a certain quantity of evidence to prove
clear and convincing standard of proof and you've got to get to this level to
prove a criminal case because that's confusing, and there's no definition of
proof beyond a reasonable doubt, so I don't want anybody voir diring on that issue.

Defense counsel objected on the grounds that he would be
unable to intelligently use his challenges for cause and his representation
during voir dire would be rendered
ineffective.  Defense counsel raised the
issue again several times during voir
dire and his objections to the trial court's limitation were overruled.

By his sole issue, Appellant maintains the trial court abused
its discretion in forbidding defense counsel from comparing the burden of proof
required in a civil case with that of a criminal case during voir dire.  We disagree.

Standard of Review

We review a trial court's limitation on voir dire for abuse of discretion. 
See Sells v. State, 121 S.W.3d
748, 755 (Tex.Crim.App. 2003), cert.
denied, 540 U.S. 986, 157, 124 S.Ct. 511, L.Ed.2d
378 (2003).  See also Rogers v. State, 44 S.W.3d 244,
248 (Tex.App.--Waco 2001, no pet.). 
A trial court has broad discretion over the jury selection process and it
may impose reasonable limits on it.  Woods v. State, 152
S.W.3d 105, 108 (Tex.Crim.App. 2004). 
A trial court abuses its discretion only when a proper question about a legitimate
area of inquiry is prohibited.  Id.  A
question is proper if it seeks to discover a juror's views on an issue applicable to the case.  Id.  (Emphasis added).  The State's burden of proof of beyond a
reasonable doubt is a proper question for purposes of voir dire examination.  Wooldridge v. State, 827
S.W.2d 900, 906 (Tex.Crim.App. 1992). 
The State's burden of proof is an issue applicable to any criminal case
because the fact-finder must apply that standard when determining guilt.  Id. at 904.

 

Analysis

Section 62.0132 of the Texas Government Code requires
prospective jurors to complete a questionnaire included with a jury
summons.  Tex. Gov't
Code Ann. § 61.0132 (West 2005).  Appellant
provided a copy of the McLennan County Jury Summons as an appendix to his
brief.  The questionnaire asks:

Have you ever
served on a civil jury?

Have you ever
served on a criminal jury?

Relying on these questions, Appellant argues that defense counsel should
have been allowed to voir dire the
jury panel on the differences between the civil burdens of proof and the
criminal burden of proof.  The
questionnaire, however, was not made a part of the appellate record and thus,
we will not consider it in our analysis. 
See Booth v. State, 499 S.W.2d 129, 135 (Tex.Crim.App. 1973).  See also Gabriel v. State, 973 S.W.2d 715, 719 (Tex.App.--Waco 1998,
no pet.).

            The line of cases relied
on by Appellant stand for the proposition that questions during voir dire concerning the State's burden
of proof of beyond a reasonable doubt relate to an issue in a criminal case and
are therefore proper.  See Wooldridge, 827 S.W.2d at 904; Henson v. State, 173 S.W.3d 92, 97-98
(Tex.App.--Tyler 2005, pet. ref'd). 
However, those cases do not support Appellants argument as they do not hold
that a trial court errs if it does not allow questions during voir dire related to the civil standards of
proof.  

            Appellant has not cited
us to any authority, and we have found none, where prohibiting the comparison
of the civil and criminal burdens of proof
during voir dire in a criminal case is a per se abuse of discretion.  While
questions concerning other burdens of proof may not have been impermissible, because
a trial court has the ability to impose reasonable limits on voir dire, we cannot say that the trial
court acted unreasonably in this case by limiting voir dire to the burden of proof actually before that jury.  Consequently, we hold the trial court did not
abuse its discretion in denying defense counsel's request to ask questions
during voir dire about the different
civil standards of proof while questioning the venire panel in a criminal
case.  Appellant's sole issue is
overruled.

Conclusion

            Having overruled
Appellant's only issue, the trial court's judgment is affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Publish.











[1]Tex.
Penal Code Ann. § 49.04 (West 2003) and § 12.42(d) (West Supp. 2010).

 





[2]Originally
appealed to the Tenth Court of Appeals, this appeal was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  Tex. Gov=t
Code Ann. ' 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Tenth Court of Appeals and that of this Court on any relevant
issue.  Tex. R. App. P. 41.3.





[3]Because
Appellant does not challenge the sufficiency of the evidence to support his
conviction, only a brief recitation of the facts is necessary.