IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00171-CR

 

Michael LeRoy Widows,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court # 32,573

 



MEMORANDUM 
Opinion



 

          A
jury convicted Michael Leroy Widows of indecency with a child and sentenced him
to eleven years’ imprisonment and a $10,000 fine.  Widows contends in his sole issue that the
court abused its discretion by permitting the complainant’s mother to present
outcry testimony because the State failed to comply with the requirements of
the outcry statute.  Because the same
testimony was admitted through the complainant, because the outcry witness
testified that she personally witnessed what her daughter told her had
happened, and because Widows knew of the content of the testimony months before
trial, the error did not affect Widows’s substantial rights.  Thus, we will affirm.

          The
complainant’s mother, Valerie, testified that she had taken her four children
to a local park for a picnic.  She saw
Widows approach her daughter at a water fountain “and [her daughter] told me he
touched her.”  The prosecutor asked
Valerie a few more questions about her observations before returning to the
content of her daughter’s statements.

          At
this point, Widows objected on the basis of hearsay, and particularly, the
State’s failure to comply with the requirements of the outcry statute.  The trial court then conducted a hearing
outside the presence of the jury to determine the admissibility of the outcry
testimony.  Valerie testified during this
hearing that she saw Widows putting his hands on her daughter and that her
daughter then ran back over to her and told her about what had happened.  Valerie’s daughter told her that Widows “was
rubbing his hands across her clothes.” 
On cross-examination, Valerie testified that she saw Widows rub his
hands across her daughter from her shoulder to her genital area.

          Widows
argued that the outcry testimony should be excluded because the State had not
provided him with notice of its intent to introduce the testimony and did not
provide him with a written summary of the daughter’s outcry statement.  The State argued that the purposes of the
outcry statute were nonetheless satisfied because the daughter made virtually
the same statement in her videotaped interview, which Widows’s counsel had
reviewed four months before trial. 
Widows’s counsel contended that the videotaped interview did not include
any discussion by the daughter of the extent of Widows’s touching.

The court then reviewed the videotaped
interview, in which the daughter did state that Widows touched her “where [her]
bikini top goes” and in the genital area. 
After reviewing the videotaped interview, the court overruled Widows’s
objection, and the trial proceeded.

          Widows
contends in his sole issue that the court abused its discretion by admitting
Valerie’s outcry testimony.  The State
responds that Widows failed to preserve this issue because his objection was
untimely.    In particular, the State
focuses on Widows’s failure to object when Valerie testified that her daughter
told her “he touched me.”

          Despite
Widows’s failure to object to this nonspecific hearsay statement, Widows
promptly objected when Valerie began to testify regarding what her daughter
said about the extent to which Widows touched her.  Because the latter is the specific testimony
which Widows challenges on appeal, we hold that the issue was adequately
preserved.  See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)
(objection is timely if made “as soon as the objectionable nature of the
evidence became apparent”); Jasso v.
State, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (same).








          Article 38.072, section 2(b) establishes the prerequisites for the
admissibility of outcry testimony over a hearsay objection.  Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b) (Vernon Supp. 2004–2005).  Those prerequisites are: (1) the State must
give notice at least fourteen days before trial of its intent to offer the
testimony, providing the name of the outcry witness and a written summary of
the statement; (2) the trial court must determine in a hearing outside the
presence of the jury that the statement is reliable; and (3) the child must
testify or be available to testify.  Id.  If any
of these prerequisites are not satisfied, then a hearsay objection to the
testimony should be sustained.  See Dorado v. State, 843 S.W.2d 37, 38
(Tex. Crim. App. 1992); Duncan v. State,
95 S.W.3d 669, 671 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Gabriel v. State, 973 S.W.2d 715, 719
(Tex. App.—Waco 1998, no pet.).

          Here,
the State failed to give the required statutory notice.  Therefore, the court abused its discretion by
overruling Widows’s objection to the outcry testimony.  Id.  We now
determine whether this error requires reversal.

          Texas appellate courts have generally found such
error to be harmless if the defendant otherwise had knowledge of the content of
the outcry statement or if the statement is testified to without objection by
the complainant or by other witnesses at trial. 
See e.g. Divine v. State, 122
S.W.3d 414, 419 (Tex. App.—Texarkana 2003, pet. ref’d); Duncan, 95 S.W.3d at 672; Broderick
v. State, 35 S.W.3d 67, 74-75 (Tex. App.—Texarkana 2000, pet. ref’d); Gabriel, 973 S.W.2d at 720.

          Here,
Widows’s counsel had reviewed the videotaped interview of the complainant four
months before trial.  The complainant’s
statements in the videotaped interview regarding the extent of Widows’s
touching her are virtually identical to the statements attributed to her in
Valerie’s outcry testimony.  Thus,
counsel could not claim surprise from the content of the outcry testimony.

Valerie testified that she personally witnessed
Widows touch her daughter as described in the outcry statement.  Her daughter testified to virtually the same
facts.  Widows’s counsel had ample
opportunity to cross-examine both Valerie and the complainant regarding these
matters.

Accordingly, we conclude that the court’s error
in admitting the outcry testimony did not affect Widows’s substantial
rights.  See Tex. R. App. P. 44.2(b).  Thus, we overrule his sole issue and affirm
the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 22, 2004

Do not publish

[CR25]