Opinion filed January 5, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed January 5, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00156-CR 

                                                     __________

 

                                    FRANK
C. VASQUEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                                  Trial
Court Cause No. 03-6038

 



 

                                                                   O
P I N I O N

 

In a multiple count indictment, Frank C. Vasquez
was charged with two counts of aggravated 
sexual assault, two counts of indecency with a child by touching, and
one count of indecency with a child by exposure.  The jury convicted appellant on each count
and found the enhancement paragraph to be true. 
The jury assessed appellant=s
punishment at confinement for life and a $10,000 fine on each aggravated sexual
assault conviction, confinement for life and a $10,000 fine on each  indecency with a child by touching
conviction, and twenty years confinement and a $10,000 fine on the indecency
with a child by exposure conviction.  We
affirm.








In his sole point of error, appellant argues that
the trial court erred in admitting the victim=s
hearsay statements through two witnesses. 
At trial, Jo Ann Meraz, the victim=s
cousin, testified that the victim said appellant touched the victim
inappropriately.   Jo Ann Sarabia, a
caseworker with the Children=s
Advocacy Center of Midland, testified that she interviewed the victim.  The interview was recorded, and the videotape
was played for the jury.  Appellant
objected prior to the testimony of both Meraz and Sarabia that the State did
not comply with the notice requirements set out in Tex. Crim. Proc. Code Ann. art. 38.072 (Vernon 2005).  Appellant also complains on appeal that the
trial court did not conduct a hearing outside the presence of the jury to
determine the reliability of the statements. 


Article 38.072, section 1 contains an exception to
the hearsay rule.  Testimony of a child=s out-of-court statements is admissible
if the child is twelve years of age or younger and is the victim of a sexual
offense. Article 38.072, section 2 provides:

(a) This 
article applies only to statements that describe the alleged offense
that:

 

(1) were made by the child against whom the
offense was allegedly committed; and

 

(2) were made to the first person, 18 years of age
or older, other than the defendant, to whom the child made a statement about
the offense.

 

(b) A statement that meets the requirements of
Subsection (a) of this article is not inadmissible because of the hearsay rule
if:

 

(1) on or before the 14th day before the date the
proceeding begins, the party intending to offer the statement:

 

(A) notifies the adverse party of its intention to
do so;

 

(B) provides the adverse party with the name of
the witness through whom it intends to offer the statement; and

 

(C) provides the adverse party with a written
summary of the statement;








(2) the trial court finds, in a hearing conducted outside the
presence of the jury, that the statement is reliable based on the time,
content, and circumstances of the statement; and

 

(3) the child testifies or is available to testify at the
proceeding in court or in any other manner provided by law.

 

Once a hearsay objection is made, the State has the burden to
prove compliance with Article 38.072.  Long
v State, 800 S.W.2d 545 (Tex. Crim. App. 1990).  The record does not show that the State
provided appellant with notice of its intent to use the statement of Meraz
fourteen days prior to trial or that the trial court determined the reliability
of the statement as required by Article 38.072.   The provisions of Article 38.072 are
mandatory; therefore, the trial court erred in admitting Meraz=s testimony relating to the statements
that the victim made to her.  Long, 800
S.W.2d at 547; Gabriel v. State, 973 S.W.2d 715 (Tex. App.CWaco 1998, no pet.).   Having found error in the admission of the
testimony, we must determine whether appellant was harmed by the error.  Tex.
R. App. P. 44.2.

The purpose of the notice requirement of Article
38.072 is to prevent a defendant from being surprised at trial by testimony
about the victim=s outcry
statements. Gabriel, 973 S.W.2d at 719. 
Courts have considered whether the defendant was surprised by the outcry
evidence and whether the defendant was prejudiced by a lack of notice in
determining whether the error was harmful.  
Gabriel, 973 S.W.2d at 720. 









The record shows that appellant was provided with
a copy of Meraz=s
statement more than fourteen days prior to trial.  Appellant only complains that he was not
given written notification of the State=s
intent to use Meraz=s
statement at trial as required by Article 38.072.  Therefore, appellant has not shown that he
was surprised by Meraz=s
testimony.  Moreover, the victim
testified at trial that appellant touched the victim=s
Abottom@
with appellant=s Aprivates.@  The victim further stated that appellant told
the victim to kiss appellant=s
Aprivates@
and Abottom.@ 
The victim testified that  Meraz
was the first person he told about the Abad
things@
appellant had done to him.  The State
also presented the testimony of Patricia Ann Salazar, a nurse who examined the
victim.  Salazar testified that the
victim said appellant put his Aprivate@ in the victim=s
Abottom@
and that appellant made the victim kiss appellant=s
Aprivate.@  Salazar stated that the victim had Aa thickening of the anal skin folds@ which is consistent with anal
penetration.  After reviewing the entire
record, we believe that the error in admitting Meraz=s
testimony did not have a substantial and injurious effect or influence in
determining the jury=s
verdict.  Rule 44.2; King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997); see Divine v. State,
122 S.W.3d 414 (Tex.App.CTexarkana
2003, pet. ref=d); see
also Gabriel, 973 S.W.2d at 720.

Next, we turn to appellant=s
complaints that the trial court erred in admitting Sarabia=s testimony.  The jury heard a videotape of Sarabia=s interview with the victim.  Appellant=s
attorney stated at trial:

Now,
I don=t have an
objection to, I guess, the tape being offered, although I - - I do object to it
on the basis that it was provided so late in the game.  But I do have an objection to her testifying,
and the question being asked whether or not, you know, [the victim] is being
truthful, in her opinion, about that. 
That=s my
problem. 

 

The record does not show that the State provided appellant with
notice of its intent to use Sarabia=s
testimony.  However, Sarabia did not
testify on direct examination about any statements the victim made to her, and
she did not state her opinion on the victim=s
truthfulness.  Article 38.072 is not
applicable to the videotape.  Divine, 122
S.W.3d at 419. The record does show that the State made the videotape available
to appellant.  Viewing all of the
evidence, we find that any error in admitting Sarabia=s
testimony or the videotape did not have a substantial and injurious effect or
influence in determining the jury=s
verdict.  Rule 44.2.  Appellant=s
sole point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 5, 2006

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.