NO. 07-10-0139-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MAY 19, 2011

______________________________

 

 

JOSEPH MICHAEL ANDERSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 19TH DISTRICT COURT OF McLENNAN COUNTY;

 

NO. 2009-1366-C1; HONORABLE RALPH T. STROTHER, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            Following a plea of not
guilty, Appellant, Joseph Michael Anderson, was convicted of driving while
intoxicated, enhanced,[1]
and sentenced to thirty years confinement.[2]  By a single issue, he maintains the trial
court abused its discretion by sua sponte
and pre-emptively forbidding defense counsel from comparing the burden of proof
required in a criminal case with the burden of proof required in a civil case
during voir dire.  We affirm.

Background[3]

            During the early morning hours of February 11, 2009, Officer Michael
Miller observed Appellant's vehicle exit a motel parking lot, cross into an
oncoming lane, and roll through a stop sign. 
Officer Miller initiated the lights of his patrol car and pulled
Appellant over for traffic violations. 
After approaching Appellant, Officer Miller noticed the smell of an
alcoholic beverage on Appellant's breath. 
According to the officer, Appellant was not wearing a shirt, had red,
bloodshot eyes, and his speech was slurred. 
Appellant was asked to exit his vehicle and instructed to perform three
field sobriety tests.  According to
Officer Miller, Appellant was not able to perform any of the tests
satisfactorily and was arrested.

Prior to commencement of voir
dire, the trial court announced:

When you're voir diring the jury and we're talking about the standard of
proof, proof beyond a reasonable doubt, I don't allow anybody to talk about
clear and convincing evidence, preponderance of the evidence, and compare that
to proof of beyond a reasonable doubt.  I
think that confuses the jury panel, I think it's misleading, so I don't want
anybody saying that you've got to have this much -- a certain quantity of
evidence to prove a civil case and a certain quantity of evidence to prove
clear and convincing standard of proof and you've got to get to this level to
prove a criminal case because that's confusing, and there's no definition of
proof beyond a reasonable doubt, so I don't want anybody voir diring on that issue.

Defense counsel objected on the grounds that he would be
unable to intelligently use his challenges for cause and his representation
during voir dire would be rendered
ineffective.  Defense counsel raised the
issue again several times during voir
dire and his objections to the trial court's limitation were overruled.

By his sole issue, Appellant maintains the trial court abused
its discretion in forbidding defense counsel from comparing the burden of proof
required in a civil case with that of a criminal case during voir dire.  We disagree.

Standard of Review

We review a trial court's limitation on voir dire for abuse of discretion. 
See Sells v. State, 121 S.W.3d
748, 755 (Tex.Crim.App. 2003), cert.
denied, 540 U.S. 986, 157, 124 S.Ct. 511, L.Ed.2d
378 (2003).  See also Rogers v. State, 44 S.W.3d 244,
248 (Tex.App.--Waco 2001, no pet.). 
A trial court has broad discretion over the jury selection process and it
may impose reasonable limits on it.  Woods v. State, 152
S.W.3d 105, 108 (Tex.Crim.App. 2004). 
A trial court abuses its discretion only when a proper question about a legitimate
area of inquiry is prohibited.  Id.  A
question is proper if it seeks to discover a juror's views on an issue applicable to the case.  Id.  (Emphasis added).  The State's burden of proof of beyond a
reasonable doubt is a proper question for purposes of voir dire examination.  Wooldridge v. State, 827
S.W.2d 900, 906 (Tex.Crim.App. 1992). 
The State's burden of proof is an issue applicable to any criminal case
because the fact-finder must apply that standard when determining guilt.  Id. at 904.

 

Analysis

Section 62.0132 of the Texas Government Code requires
prospective jurors to complete a questionnaire included with a jury
summons.  Tex. Gov't
Code Ann. § 61.0132 (West 2005).  Appellant
provided a copy of the McLennan County Jury Summons as an appendix to his
brief.  The questionnaire asks:

Have you ever
served on a civil jury?

Have you ever
served on a criminal jury?

Relying on these questions, Appellant argues that defense counsel should
have been allowed to voir dire the
jury panel on the differences between the civil burdens of proof and the
criminal burden of proof.  The
questionnaire, however, was not made a part of the appellate record and thus,
we will not consider it in our analysis. 
See Booth v. State, 499 S.W.2d 129, 135 (Tex.Crim.App. 1973).  See also Gabriel v. State, 973 S.W.2d 715, 719 (Tex.App.--Waco 1998,
no pet.).

            The line of cases relied
on by Appellant stand for the proposition that questions during voir dire concerning the State's burden
of proof of beyond a reasonable doubt relate to an issue in a criminal case and
are therefore proper.  See Wooldridge, 827 S.W.2d at 904; Henson v. State, 173 S.W.3d 92, 97-98
(Tex.App.--Tyler 2005, pet. ref'd). 
However, those cases do not support Appellant’s argument as they do not hold
that a trial court errs if it does not allow questions during voir dire related to the civil standards of
proof.  

            Appellant has not cited
us to any authority, and we have found none, where prohibiting the comparison
of the civil and criminal burdens of proof
during voir dire in a criminal case is a per se abuse of discretion.  While
questions concerning other burdens of proof may not have been impermissible, because
a trial court has the ability to impose reasonable limits on voir dire, we cannot say that the trial
court acted unreasonably in this case by limiting voir dire to the burden of proof actually before that jury.  Consequently, we hold the trial court did not
abuse its discretion in denying defense counsel's request to ask questions
during voir dire about the different
civil standards of proof while questioning the venire panel in a criminal
case.  Appellant's sole issue is
overruled.

Conclusion

            Having overruled
Appellant's only issue, the trial court's judgment is affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Publish.











[1]Tex.
Penal Code Ann. § 49.04 (West 2003) and § 12.42(d) (West Supp. 2010).

 





[2]Originally
appealed to the Tenth Court of Appeals, this appeal was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  Tex. Gov=t
Code Ann. ' 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Tenth Court of Appeals and that of this Court on any relevant
issue.  Tex. R. App. P. 41.3.





[3]Because
Appellant does not challenge the sufficiency of the evidence to support his
conviction, only a brief recitation of the facts is necessary.