

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00119-CR

———————————————

JASON SCOTT DAVIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1672108D

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

A jury convicted Appellant Jason Scott Davis of one count of continuous sexual abuse of a young child and one count of indecency with a child. *See* Tex. Penal Code Ann. §§ 21.02, 21.11(a)(1). The trial court assessed his punishment at eighty years' confinement for continuous sexual abuse of a young child and twenty years' confinement for indecency with a child, with the sentences to run concurrently. In two issues, Davis argues that the trial court erred by not conducting a thorough inquiry into his complaint that his trial counsel had a conflict of interest and that the trial court abused its discretion by not explicitly finding that certain proffered extraneous-offense evidence—pertaining to Davis's sexual abuse of his son—was adequate to support a finding that he had committed the extraneous offense beyond a reasonable doubt. We will affirm.

## II. BACKGROUND

In early 2021, Davis was indicted for, among other things, continuous sexual abuse of a young child and indecency with a child stemming from his sexual abuse of his daughter's friend, J.S. (Julia).[1] Davis was appointed trial counsel in February 2021. In August 2022, Davis filed pro se a "Declaration of Conflict Between Attorney and

---

[1] To protect the complainant's anonymity, we use an alias to refer to her. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Client and Motion for Substitution of Appointed Counsel" in which he complained about his trial counsel (the Declaration).[2]  In the Declaration, Davis complained that he had only spoken to his trial counsel three times; that each time that he had met with his trial counsel, it had been in a holding cell in which other persons were present; that he had tried to reach out to his trial counsel on multiple occasions but had received no response; and that he did not know what was going on with his case. Davis requested that the trial court substitute new trial counsel, and he asked for a hearing on that request.

Despite the filing of the Declaration, Davis's case proceeded to trial in October 2022.  During appearances before the trial court that month, Davis did not mention the Declaration, nor did he voice any complaint to the trial court regarding his trial counsel despite the trial court's asking him questions that touched upon his dealings with his trial counsel.  To that end, at Davis's October 10, 2022 arraignment, the following exchange occurred:

> THE COURT:  All right.  You and your attorney have received a copy of the detailed indictment and your lawyer tells me you can read and understand English, read it yourself and certainly understand it after discussing it together.
>
> Is that correct, sir?
>
> THE DEFENDANT:  Yes, sir.

---

[2]The Declaration was verified by Davis in April 2022, mailed to the trial judge in May 2022, and ultimately filed in the trial court in August 2022.

3

. . . .

THE COURT: Your lawyer also tells me that with your consent on your behalf, he's entering a plea of not guilty to every charging allegation in your indictment with your approval.

Is that correct?

THE DEFENDANT: Yes, sir.

Prior to voir dire beginning on October 20, 2022, the following exchange occurred:

THE COURT: Mr. Davis, you are before the Court in this case, charged in a five-count indictment with the felony offense of sexual abuse -- continuous sexual abuse of a child under 14. Have you been over this indictment with your attorney?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: When you talk to [your trial counsel], can you understand his legal advice?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been able to assist him in getting the case ready for today?

THE DEFENDANT: Yes, sir.

During Davis's trial, Julia testified that she was the best friend of Davis's daughter. Due to that friendship, Julia spent many weekends at Davis's home. Julia testified that during many of those visits, Davis would wake her up and sexually abuse

4

her.[3] She also indicated that Davis had touched her stomach and vagina over her clothes on an occasion when he was driving her home. Julia stated that the abuse started when she was "nine or ten" and that it continued until she was "14 or 15."[4]

Later during Davis's trial, the State indicated that it wanted to call Davis's son, R.D. (Richie)[5] as a witness, and the State asked for a hearing pursuant to Article 38.37 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2-a. The jury was excused, and during the hearing, Richie testified that he had been sexually abused by Davis when he was "between the ages of four and eight." Davis's trial counsel informed the trial court that the Tarrant County District Attorney's Office had dismissed the case against Davis stemming from his abuse of Richie, and he objected based on relevance and his view that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The trial court overruled Davis's objections and granted him running objections, and Richie testified about the abuse before the jury.

The jury ultimately convicted Davis of continuous sexual abuse of a young child and indecency with a child, and this appeal followed.

---

[3]Because Davis does not complain about the sufficiency of the evidence to support his convictions, we need not detail Julia's testimony regarding the sexual abuse. *See* Tex. R. App. P. 47.1.

[4]Julia was seventeen at the time of trial.

[5]We use an alias to refer to Davis's son. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3); *McClendon*, 643 S.W.2d 936, 936 n.1.

## III. Discussion

### A. Davis's First Issue

In his first issue, Davis argues that the trial court erred by not conducting a thorough inquiry into his complaint that his trial counsel had a conflict of interest.

#### 1. Applicable Law

A conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's interest. *Routier v. State*, 112 S.W.3d 554, 582 (Tex. Crim. App. 2003) (citing *James v. State*, 763 S.W.2d 776, 779 (Tex. Crim. App. 1989)). To demonstrate a violation of the right to reasonably effective assistance of counsel based on a conflict of interest, a defendant must show that counsel was actively representing conflicting interests and that the conflict had an adverse effect on specific instances of counsel's performance. *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997); *Palacios v. State*, No. 01-02-00498-CR, 2003 WL 21357328, at *6 (Tex. App.—Houston [1st Dist.] June 12, 2003, pet. ref'd) (mem. op., not designated for publication). When a trial court knows, or reasonably should know, that a particular conflict of interest exists, the court has an obligation to investigate and determine whether the risk of the conflict of interest is too remote to warrant separate counsel. *Routier*, 112 S.W.3d at 581.

## 2. Analysis

We begin our analysis of this issue by determining whether Davis has preserved it for our review. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Because it is a systemic requirement, this court should independently review error preservation, and we have a duty to ensure that a claim is properly preserved in the trial court before we address its merits. *Dixon*, 595 S.W.3d at 223.

Here, Davis filed his Declaration complaining of his trial counsel in August 2022. But nothing more was done by Davis with respect to his Declaration. His case proceeded to trial in October 2022, and at the outset of that trial, Davis stated that he had discussed the indictment with his trial counsel; that his trial counsel had entered a plea on his behalf with his approval; that he understood the legal advice given by his trial counsel; and that he had been able to assist his trial counsel in getting the case ready for trial. At no point during his trial did Davis mention the Declaration or voice any complaint regarding his trial counsel. Perhaps more importantly, Davis

7

never complained to the trial court that it had failed to conduct an inquiry into the alleged conflict of interest—the very complaint he now makes on appeal.

Based on this record, we hold that Davis has not preserved his complaint that the trial court failed to conduct a thorough inquiry into his trial counsel's alleged conflict of interest. *See Palacios*, 2003 WL 21357328, at *7 (holding that appellant waived complaint regarding alleged conflict of interest with trial counsel where appellant filed pro se motions complaining about dissatisfaction with trial counsel but later indicated that he understood that trial counsel had been working on his behalf and case proceeded to trial); *see also Smith v. State*, No. 2-03-080-CR, 2004 WL 595069, at *2 (Tex. App.—Fort Worth Mar. 25, 2004, pet. ref'd) (per curiam) (not designated for publication) (holding that trial court could have reasonably concluded that appellant was satisfied with trial counsel's representation based on statements made in written plea admonishments despite appellant's previous complaint of conflict with trial counsel).

Even if Davis had preserved this issue, we are not persuaded that the trial court had a duty to inquire about the complaints raised by Davis in the Declaration. To that end, while the Declaration referenced a "conflict" between Davis and his trial counsel, the facts in support of that alleged "conflict" simply related to a purported lack of communication between Davis and his trial counsel. Indeed, none of the facts mentioned in the Declaration suggest that Davis's trial counsel was required to make a choice between advancing Davis's interest in a fair trial or advancing other interests to

8

the detriment of Davis's interest. *See Routier*, 112 S.W.3d at 582. Thus, we hold that the trial court was under no obligation to inquire about the complaints raised by Davis in the Declaration. *See Cooper v. State*, No. 05-18-01246-CR, 2019 WL 6606364, at *3 (Tex. App.—Dallas Dec. 5, 2019, pet. ref'd) (mem. op., not designated for publication) ("[I]t is not always necessary for the court to hold a hearing concerning an alleged conflict when a substitution motion does not advance a valid basis for the asserted conflict."); *Corona v. State*, No. 04-02-00861-CR, 2004 WL 56922, at *2 (Tex. App.—San Antonio Jan. 14, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that "trial court was under no obligation to initiate an inquiry" into appellant's complaint that "merely alleged that [his] attorney was not adequately preparing for trial and was no longer trusted by [appellant]"); *Harrell v. State*, No. 12-00-00356-CR, 2002 WL 31656213, at *3 (Tex. App.—Tyler Nov. 26, 2002, pet. ref'd) (not designated for publication) ("Although Appellant established a *potential* conflict of interest, his statements to the trial court do not establish an *actual* conflict. Therefore, the trial court was not obligated to conduct any further inquiry to ascertain whether Appellant's counsel should have been removed.").

We overrule Davis's first issue.

## B. Davis's Second Issue

In his second issue, Davis argues that the trial court abused its discretion by not explicitly finding that the extraneous-offense evidence concerning his sexual abuse of

9

Richie was adequate to support a finding that he had committed the extraneous-offense beyond a reasonable doubt.

### 1. Applicable Law

Generally, an accused may be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *Gusman v. State*, No. 02-18-00157-CR, 2018 WL 3060213, at *2 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication). But Article 38.37, Section 2 of the Texas Code of Criminal Procedure permits—in a prosecution for certain enumerated crimes, including continuous sexual abuse of a young child and indecency with a child—the admission of extraneous evidence that a defendant had committed a separate identified sexual offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). Before a trial court admits such evidence, the court must "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt" and "conduct a hearing out of the presence of the jury for that purpose." *Id.* art. 38.37, § 2-a.

### 2. Analysis

We begin our review of this issue by determining whether Davis has preserved this complaint for appeal. *See Dixon*, 595 S.W.3d at 223. As noted above, to preserve

a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Polk v. State*, No. 02-13-00556-CR, 2015 WL 1883014, at *7 (Tex. App.—Fort Worth Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication); *see Aquino Calderon v. State*, No. 01-22-00512-CR, 2023 WL 8262710, at *11 (Tex. App.—Houston [1st Dist.] Nov. 30, 2023, no pet.) (mem. op., not designated for publication) ("A defendant also fails to preserve error when the contention urged on appeal does not match with the specific complaint made in the trial court.").

On appeal, Davis complains that the trial court did not make an explicit finding that the extraneous-offense evidence concerning his sexual abuse of Richie was adequate to support a finding that he had committed the extraneous offense beyond a reasonable doubt. But Davis did not lodge such a complaint with the trial court. While Davis did object to the admission of Richie's testimony on the grounds that it was irrelevant and that its probative value was substantially outweighed by the danger of unfair prejudice, those objections do not match the complaint Davis now makes on appeal. *See Polk*, 2015 WL 1883014, at *7; *Aquino Calderon*, 2023 WL 8262710, at *11. We thus hold that Davis has failed to preserve this complaint. *See Gary v. State*, No. 02-21-00171-CR, 2023 WL 2805477, at *5 (Tex. App.—Fort Worth Apr. 6, 2023,

no pet.) (mem. op., not designated for publication) ("Here, Gary failed to object to the lack of an Article 38.37 hearing. He has thus failed to preserve that complaint for our review."); *Kimberlin v. State*, No. 05-18-00018-CR, 2019 WL 1292471, at *3 (Tex. App.—Dallas Mar. 21, 2019, no pet.) (mem. op., not designated for publication) ("To the extent appellant argues the trial court did not conduct a sufficient hearing to satisfy the requirement of [A]rticle 38.37, he waived his complaint by not objecting and raising this argument to the trial court during the hearing when the trial court had the opportunity to cure any potential error.").

Even if Davis had preserved this complaint for our review, we would still reject it because Article 38.37 does not require that a trial court make an explicit finding that the proffered extraneous-offense evidence would support a finding by the jury that the defendant had committed the separate offense beyond a reasonable doubt. *See Gonzales v. State*, No. 04-21-00573-CR, 2022 WL 17970588, at *3 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that trial court erred by not making any "specific findings" under Article 38.37 and noting that it could find no authority requiring a trial court to make such "specific findings"); *Swegheimer v. State*, No. 02-17-00095-CR, 2018 WL 1528477, at *7 (Tex. App.—Fort Worth Mar. 29, 2018, pet. ref'd) (mem. op., not designated for publication) (stating that the "plain language" of Article 38.37, Section 2-a(1) "does not require an explicit finding"); *see also Gutierrez v. State*, No. 01-19-00718-CR, 2021 WL 2931358, at *4 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. ref'd)

(mem. op., not designated for publication) (finding no authority indicating that a trial court must announce its Article 38.37 findings in any particular format).

Article 38.37 simply requires a trial court to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt" and "conduct a hearing out of the presence of the jury for that purpose." Tex. Code Crim. Proc. Ann. art. 38.37, § 2-a. We are satisfied that that was done here. To that end, the trial court conducted a hearing where it listened to Richie's proffered testimony regarding Davis's sexual abuse,[6] it overruled Davis's objections to such proffered testimony, and it allowed Richie to testify in front of the jury. By conducting the hearing and later permitting Richie to testify, the trial court implicitly determined that Richie's testimony was adequate to support a finding by the jury that Davis committed the separate offense beyond a reasonable doubt. *See Villalon v. State*, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990) ("Even though the trial court submitted no written findings that the statement is reliable, . . . the trial court's ruling at the hearing outside the presence of the jury implied that it found the nurse's testimony to be reliable, thereby complying with [Article 38.072, Section 2(b)(2)]."); *Gabriel v. State*, 973 S.W.2d 715, 718 (Tex. App.—Waco 1998, no pet.) (holding that trial court implicitly found outcry

---

[6] "[T]he testimony of a child victim alone is sufficient to support a conviction for indecency with a child." *Garner v. State*, No. 02-15-00171-CR, 2016 WL 4247970, at *3 (Tex. App.—Fort Worth Aug. 11, 2016, pet. ref'd) (mem. op., not designated for publication).

13

testimony to be reliable where it conducted a reliability hearing, overruled appellant's objection to such testimony, and allowed outcry witness to testify before the jury).

We overrule Davis's second issue.

## IV. CONCLUSION

Having overruled Davis's two issues, we affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 7, 2024