Jerry Ray DIVINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–03–00005–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 17, 2003.

Decided Dec. 4, 2003.

Gary Warren, Dallas, for appellant.

Timothy S. Linden, Martin E. Braddy, Assistant District Attorneys, Sulphur Springs, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

### OPINION

Opinion by Justice ROSS.

Jerry Ray Divine appeals from his convictions by a jury for aggravated sexual assault of a child and indecency with a child by sexual contact. The jury assessed his punishment at five years' imprisonment for the aggravated sexual assault conviction and two years' imprisonment for the indecency with a child conviction, but also recommended community supervision for the latter offense. Divine appeals, complaining that the trial court did not properly apply the outcry witness rule and that outcry testimony was therefore improperly admitted. He also complains of ineffective assistance of counsel.

**Failure to Give Notice**

Divine first contends the court erred by allowing two outcry witnesses to testify because the State did not satisfy the requirements of TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.2004). His contention is based on alleged failures of notice. The statute reads, in pertinent part, as follows:

> Sec. 2. (a) This article applies only to statements that describe the alleged offense that:
>
> (1) were made by the child against whom the offense was allegedly committed; and
>
> (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.
>
> (b) A statement that meets the requirements of Subsection (a) of this arti-

cle is not inadmissible because of the hearsay rule if:

> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
>
> (A) notifies the adverse party of its intention to do so;
>
> (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
>
> (C) provides the adverse party with a written summary of the statement;
>
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>
> (3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

■ Hearsay is not admissible except as provided by statute or by the Rules of Evidence. TEX.R. EVID. 802; *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App. 1990). Article 38.072 of the Code of Criminal Procedure creates an exception to the hearsay rule for statements of child abuse victims if all the requisite conditions are met. *Dorado v. State,* 843 S.W.2d 37, 38 (Tex.Crim.App.1992). Article 38.072 provides that, in sexual offense cases committed against a child twelve years of age or younger, statements that were made by the alleged child victim to the first person, eighteen years of age or older, other than the defendant, about the offense will not be inadmissible because of the hearsay rule. TEX.CODE CRIM. PROC. ANN. art. 38.072.

■ In order for this hearsay exception to apply to such a statement, on or before the fourteenth day before the proceedings begin, the party intending to offer the statement must notify the adverse party of its intention to do so, and must

provide the adverse party with the name of the witness through whom it intends to offer the statement and also provide a *written summary of the statement.* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 38.072; *Josey v. State,* 97 S.W.3d 687, 692 (Tex.App.-Texarkana 2003, no pet.). Also, the trial court must find, in a hearing conducted outside the presence of the jury, the statement is reliable based on the time, content, and circumstances of the statement. Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 38.072; *Josey,* 97 S.W.3d at 692. Additionally, the child must testify or be available to testify at the proceeding in court or in any other manner provided by law. Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 38.072; *Josey,* 97 S.W.3d at 692. The trial court has broad discretion to determine whether the child's statement falls within the hearsay exception. The exercise of that discretion will not be disturbed unless the record shows a clear abuse of discretion. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Crim.App.1990); *Josey,* 97 S.W.3d at 692. Stated differently, we will not reverse on appeal unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); *Josey,* 97 S.W.3d at 692.

In this case, the trial court admitted testimony by two separate outcry witnesses about what was apparently the same event: Katherine Brown (the child's grandmother and the first person with whom the victim discussed the relevant events), and Martha Dykes (a Child Advocacy Center advocate who interviewed the child). Brown testified that, when she asked the child if Divine's finger went in her "bobo," she said it had not. In the course of an interview, the child told Dykes that Divine came into the bathroom, stood behind her, and caused his finger to penetrate her "bobo."

The interviewer in this case, as in several other cases recently decided by this Court, was allowed to testify about the videotape of the interview, providing a play-by-play commentary on the interview while the videotape itself was played for the jury. *See Dunn v. State,* No. 06–03–00017–CR, ⸺ S.W.3d ⸺, 2003 WL 22460270, 2003 Tex.App. LEXIS 9290 (Tex.App.-Texarkana Oct. 31, 2003, no pet. h.); *Edwards v. State,* 107 S.W.3d 107 (Tex.App.-Texarkana 2003, pet. ref'd); *Josey,* 97 S.W.3d 687.

■ The complained-of statements were not actually testimony by Dykes, but are the child's statements made on the videotape. They are therefore not a recounting of an outcry by the person who heard an outcry, but a playing of a videotape containing answers by the child to questions posed by the interviewer. This Court has repeatedly emphasized that a videotape is not a person; therefore Article 38.072 cannot apply to it. A videotape is not an outcry witness as contemplated by the statute, and as we have already stated in the cases cited above, the statute is therefore not applicable for a variety of reasons.

■ In this case, however, the issue before us is not the admissibility of the videotape. The issue raised is the adequacy of the notice given by the State to defense counsel of the proposed outcry testimony and witnesses. As set out above, the notice requirement is statutory. The state is required, on or before the fourteenth day before the proceedings begin, to notify the adverse party of its intention to offer the statement, and must provide the adverse party with the name of the witness through whom it intends to offer the statement and also provide a written summary of the statement. *Josey,* 97 S.W.3d at 692.

In this case, a copy of the outcry notice was placed in the court's file July 26, 2001. Defense counsel admitted he saw this

statement. The record reflects, however, that the State did not send a copy of the notice to Divine's counsel and that counsel was given a copy of the notice three days after voir dire began. The State suggested the late notice was a mistake caused by a miscommunication between the prosecutor and his assistant.[1] The State concedes the notice requirements were not met, but suggests that, because counsel had actual notice, no harm occurred.

 From this record, error is apparent. We therefore apply Rule 44.2(b) to determine whether the trial court's error constitutes reversible error. *See* Tex. R.App. P. 44.2(b); *Bottenfield v. State*, 77 S.W.3d 349, 359–60 (Tex.App.-Fort Worth 2002, pets. ref'd). Nonconstitutional error must be disregarded unless it affects substantial rights of the defendant. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex.Crim.App. 2001). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997); *Hankton v. State*, 23 S.W.3d 540, 548 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). A conviction should not be overturned for such error if this Court, after examining the record as a whole, has fair assurance the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998); *Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd).

 In this case, there is no concrete explanation of how the failure to provide notice through the correct methods harmed Divine. Counsel acknowledged he had a copy of Brown's statement and also had a copy of the videotaped interview. Counsel also acknowledged he did not be-

lieve he would have changed anything in his pretrial preparation and, when the court asked if more time would assist him in preparing for trial, counsel indicated it would not, because he did already have the information.

Under these facts, we conclude that harm has not been shown. The contention of error is overruled.

### Multiple Outcry Witnesses

 Divine next contends the trial court erred in admitting the testimony of two separate outcry witnesses. To qualify as a proper outcry statement, the child must have described the alleged offense in some discernible way and must have more than generally insinuated that sexual abuse occurred. *Tear v. State*, 74 S.W.3d 555 559 (Tex.App.-Dallas 2002) (citing *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.-Dallas 1999, pet. ref'd)); *see also Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim.App.1990) (outcry must be more than general allusion of sexual abuse). This Court has recently addressed this issue in *Josey*, 97 S.W.3d 687. It is possible to have more than one outcry witness in a case, so long as the outcry is about different matters. *Id.* at 693.

In *Josey*, the victim first told his mother about being made to put Josey's penis in the victim's mouth and about being "fingered." The victim went into explicit detail with his mother about the act of oral contact, but gave no details about being "fingered." Two days later, however, the victim provided, for the first time, details about the fingering incident during an interview with a forensic interviewer. The trial court concluded the victim's first outcry regarding digital penetration did not occur until the interview. *Cf. Schuster v. State*, 852 S.W.2d 766, 768 (Tex.App.-Fort

---

1. The notice itself does not contain the name of the recipient attorney, the date it was sent, or a certificate of service. Those portions of the document were left blank.

Worth 1993, pet. ref'd) (trial court reasonably determined victim's statement to mother, that defendant had touched victim, was merely general allusion that something in area of child abuse was going on rather than clear description of offense; witness other than mother was proper outcry witness). We concluded in *Josey* the trial court did not abuse its discretion by admitting the testimony of the second outcry witness.

■ Counsel raises a specific complaint. The grandmother testified she asked the child if, during the bathroom incident, Divine had put his finger inside her. The child told her he had not. However, in the interview, the testimony was that, during the bathroom incident, he had put his finger inside her. Counsel uses this as his point of demarcation between this case and others. His point is not that this involves the same incident, but is a more finely-honed argument that the child had already stated an act did not occur during an encounter, but then later said it had. Thus, counsel argues, it is not even an outcry about some different offense, but something the child had already denied had occurred during the specific encounter at bar. He takes the position that this distinction should cause the second outcry witness' testimony to be inadmissible. Although we acknowledge that this case is, for that reason, different from cases cited by counsel,[2] we see no reason for this distinction to have any effect. The result of the child's inconsistency would affect the believability of the outcry statements and thus affect the weight given by the factfinder to her testimony.

At the simplest level, the child did not make an outcry about penetration to the grandmother, but did make such an outcry to the interviewer. The fact the child denied penetration had occurred in her statement to the grandmother does not make the later outcry inadmissible, or change its nature. It may affect its believability, but not its admissibility.

The trial court has broad discretion to determine whether the child's statement falls within the hearsay exception. The exercise of that discretion will not be disturbed unless the record shows a clear abuse of discretion. *Garcia,* 792 S.W.2d at 91; *Josey,* 97 S.W.3d at 692. We will not reverse on appeal unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred,* 15 S.W.3d at 542; *Josey,* 97 S.W.3d at 692.

We conclude the court's ruling in this instance was not outside that zone. The contention of error is overruled.

### Ineffective Assistance of Counsel

In his final contention of error, counsel argues Divine received ineffective assistance of counsel at trial. The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, an appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his or her defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Rosales v. State,* 4 S.W.3d 228, 231 (Tex.Crim.App.1999). To meet this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State,* 25 S.W.3d 707, 712

---

**2.** *Garcia v. State,* 792 S.W.2d 88, 91 (Tex. Crim.App.1990); *Hernandez v. State,* 973 S.W.2d 787, 789 (Tex.App.-Austin 1998, pet. ref'd).

(Tex.Crim.App.2000). Under this standard, a claimant must prove that counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

 Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim.App.1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

 Further, we have been warned that direct appeal is often not an appropriate or adequate venue in which to raise such a claim. The Texas Court of Criminal Appeals has correctly pointed out that, when ineffective assistance is raised on direct appeal, appellate counsel and the court must proceed on a trial record not developed for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. *Freeman v. State*, No. 2156-01, 125 S.W.3d 505, 506–507, 2003 WL 22510582, at *1, 2003 Tex.Crim.App. LEXIS 711, at *2–3 (Tex.Crim.App. Nov. 5, 2003). Although some claims may be disposed of on direct appeal where "trial counsel's ineffectiveness is so apparent from the record," *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); *Freeman*, 125 S.W.3d at 505, 2003 WL 22510582, at *1, 2003 Tex.Crim.App. LEXIS 711, at *3, it appears the Texas Court of Criminal Appeals has concluded such situations are quite rare.

 In this case, Divine argues counsel was ineffective because he did not make an objection to the State's failure to send outcry notices when he actually received the outcry statements October 4, 2001, and by failing to articulate any substantial reasons at trial regarding harm suffered from lack of notice. The purpose of the notice is to—provide notice. Counsel had actual notice, if not the formal document. Although counsel was entitled to such a document, there is no reason to consider him ineffective for failing to demand the document when he had the statements in hand. Further, in the absence of any record showing that substantial reasons reflecting harm actually exist, we cannot consider that counsel was ineffective for failing to place any such reasons before the court. In the absence of a record supporting the allegation counsel was ineffective, we cannot so conclude. The contention of error is overruled.

## Summary and Conclusion

In summary, we hold the State's failure to give timely notice of outcry testimony was harmless error. We further hold it was not error to admit the testimony of two outcry witnesses, even though the victim specifically denied in her outcry to the first witness that the conduct she described to the second witness ever occurred. Finally, we hold that Divine was not denied effective assistance of counsel.

For these reasons, we affirm the judgment.