IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00295-CR

 

Douglas Eugene Hanson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F37048

 



Opinion



 








          A jury convicted Douglas Eugene Hanson
of three counts of aggravated sexual assault of a child and two counts of
indecency with a child.  The jury assessed his punishment at fifteen years’
imprisonment and a $2,000 fine for each of the aggravated sexual assault
convictions and ten years’ imprisonment and no fine for each of the indecency
convictions.  Hanson contends in four points that: (1) the court improperly
commented on the weight of the evidence in the guilt-innocence charge by
referring to the complainant as the “alleged victim” in an instruction
regarding extraneous offenses; (2) the court abused its discretion by admitting
the complainant’s out-of-court statements because the State failed to comply
with the outcry statute and because their admission violated his right of
confrontation under Crawford v. Washington;[1]
and (3) his multiple convictions for aggravated sexual assault and for
indecency violate the state and federal constitutional protections against
double jeopardy (2 points).  We will affirm.

Comment on the Evidence

          Hanson contends in his first point
that the court improperly commented on the weight of the evidence in the
guilt-innocence charge by referring to the complainant as the “alleged victim”
in an instruction regarding extraneous offenses.

          The wording at issue appears in the
court’s instruction to the jury that it could not consider evidence of
extraneous offenses unless the jurors were satisfied beyond a reasonable doubt
that Hanson had committed them.  The instruction referred to any evidence
“regarding the Defendant’s having committed offenses against the alleged victim
other than the offenses alleged against him in the indictment, or regarding the
Defendant’s having committed offenses against any other person.”  Hanson did
not object to this instruction.

          Because Hanson did not object, he must
establish not only that the instruction was erroneous but also that he suffered
egregious harm from it.  See Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Steadman v.
State, 160 S.W.3d 582, 585 (Tex. App.—Waco 2005, pet. ref’d).

          Article 36.14 of the Code of Criminal
Procedure governs the charge to the jury.  It requires the trial court to
submit its charge “not expressing any opinion as to the weight of the evidence,
not summing up the testimony, discussing the facts or using any argument in his
charge calculated to arouse the sympathy or excite the passions of the jury.”  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004-2005).

          A charge improperly comments on the
evidence if it “assumes the truth of a controverted issue.”  Whaley v. State,
717 S.W.2d 26, 32 (Tex. Crim. App. 1986); Jackson v. State, 105 S.W.3d
321, 326 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d); Smith v. State,
959 S.W.2d 1, 27 (Tex. App.—Waco 1997, pet. ref’d).  Thus, a reference in the
jury charge to the complainant as “the victim” improperly comments on the
evidence.  See Casey v. State, 160 S.W.3d 218, 229-30 (Tex. App.—Austin
2005, pet. granted);[2] Veteto
v. State, 8 S.W.3d 805, 816-17 (Tex. App.—Waco 2000, pet. ref’d); Talkington
v. State, 682 S.W.2d 674, 675 (Tex. App.—Eastland 1984, pet. ref’d).

          Here however, the language in question
refers to the complainant as “the alleged victim.” (emphasis added). 
Thus, the court’s instruction did not assume that the complainant was in
fact a victim.  Accordingly, the instruction was not improper, and we
overrule Hanson’s first point.

Outcry Testimony

          Hanson contends in his second point
that the court abused its discretion by admitting the complainant’s
out-of-court statements because the State failed to comply with the outcry
statute and because their admission violated his right of confrontation under Crawford
v. Washington.

          Article[3]
38.072 permits the admission in evidence of the hearsay statement of a child
abuse victim under limited circumstances.  Pertinent to Hanson’s case, the
State must give notice of its intent to offer such a statement at least
fourteen days before trial; the State must provide “a written summary of the
statement”; the statement must be the first one describing the offense which
the complainant made to an adult (eighteen or older) other than the defendant;
and the complainant must testify at trial or be available to testify.[4] 
See Tex. Code Crim. Proc. Ann.
art. 38.072, § 2 (Vernon 2005).

          Hanson contends that the outcry
witness’s testimony should have been excluded under article 38.072 because: (1)
the State failed to give fourteen days’ notice; (2) the State failed to provide
a sufficiently detailed written summary of the statement; and (3) the person
whom the State designated as the outcry witness was not the first adult to whom
the complainant made a statement describing the offense.

          Article 38.072 describes the proper
outcry witness as “the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense.”  Id. art. 38.072, § 2(a)(2).  The Court of Criminal Appeals has construed this to
mean the first adult “to whom the child makes a statement that in some
discernible manner describes the alleged offense.  [This] statement must be
more than words which give a general allusion that something in the area of
child abuse was going on.”  Garcia v. State, 792 S.W.2d 88, 91 (Tex.
Crim. App. 1990).  “[A] trial court has broad discretion in determining” the
proper outcry witness.  Id. at 92; accord Elder v. State, 132
S.W.3d 20, 26 (Tex. App.—Fort Worth 2004, pet. ref’d).

          At a pretrial hearing to determine the
admissibility of the outcry testimony, the complainant J.Q. testified that in
December 2001 he told his guidance counselor, then his mother, then a therapist
that Hanson had “touched [him] in [his] private parts.”  J.Q. explained that he
did not describe this “in any great detail” with any of them.  He discussed the
incidents in far more detail with an investigator, Geanetta Salter, in February
of the following year.[5]

          On cross-examination, J.Q. testified
that he further discussed the allegations with his parents during the months
between the initial report in December and his interview with Salter in
February.  He testified that he told his father that Hanson had touched his
penis and his “butt” but that he did not go into detail because he “didn’t
really feel comfortable” discussing it with his father.

          The proper outcry witness is the adult
to whom the complainant first tells “how, when, and where” he was assaulted.  See
Sims v. State, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref’d); Reed
v. State, 974 S.W.2d 838, 841-42 (Tex. App.—San Antonio 1998, pet. ref’d). 
Here, J.Q. told his parents and the others with whom he talked before Salter
only the general statement that Hanson had touched his “private parts” (using
slightly more specific language with his father).  There is nothing in the
record to suggest that he told them any details about “how, when, and where”
Hanson assaulted him.  Id.  Thus, we cannot say that the trial court
abused its discretion in determining that Salter was the proper outcry
witness.  See Smith v. State, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004,
pet. ref’d) (complainant told mother and doctor that defendant “had been
performing oral sex on him” then later provided details to another adult); Castelan
v. State, 54 S.W.3d 469, 475-76 (Tex. App.—Corpus Christi 2001, no pet.)
(complainant told grandmother that defendant had “put his thing in through the
back” then later provided details to counselor); Sims, 12 S.W.3d at 500
(complainant told mother that defendant “had touched her private parts” then
later provided details to counselor).

          It is undisputed that the State’s outcry
notice was untimely, having been given less than a week before trial.  When
Hanson objected on the basis of the timeliness of the State’s notice, the State
responded that Hanson’s counsel had reviewed Salter’s report in the State’s
file on “a couple of different occasions” and that she had previously told
Hanson’s counsel that the State intended to designate Salter as the outcry
witness.  Hanson’s counsel did not dispute these assertions and did not claim
surprise.  In addition, the complainant testified at trial, and Hanson had the
opportunity to cross-examine him.  Accordingly, the State’s untimely notice did
not “affect [Hanson’s] substantial rights.”  See Tex. R. App. P. 44.2(b); Divine v. State, 122 S.W.3d
414, 419 (Tex. App.—Texarkana 2003, pet. ref’d); Gabriel v. State, 973
S.W.2d 715, 719-20 (Tex. App.—Waco 1998, no pet.); Fetterolf v. State,
782 S.W.2d 927, 930 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d).

          Hanson next contends that Salter’s
testimony should have been excluded because the State failed to provide a
sufficiently detailed written summary of the statement about which she would
testify.  See Tex. Code Crim.
Proc. Ann. art. 38.072, § 2(b)(1)(C).  We disagree.  The State attached
to its outcry notice a copy of Salter’s handwritten notes taken during her
interview of the complainant.  This satisfied the State’s obligation to provide
a written summary of the statement about which the outcry witness would
testify.  See Soto v. State, 736 S.W.2d 823, 828 (Tex. App.—San Antonio
1987, pet. ref’d); cf. Biggs v. State, 921 S.W.2d 282, 285 (Tex.
App.—Houston [1st Dist.] 1995, pet. granted)[6]
(summary which stated that defendant “had sexual contact” with complainant and
“exposed his genitals to her” did not provide sufficient detail).

          Accordingly, we cannot say that the
court abused its discretion by overruling Hanson’s objections to Salter’s
testimony premised on non-compliance with article 38.072.

Confrontation

          Hanson also contends in his second
issue that the admission of J.Q.’s out-of-court statements through Salter’s
testimony violated his Sixth Amendment right of confrontation as interpreted by
the Supreme Court in Crawford v. Washington.  541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  This appears to be an issue of first impression
in Texas.

          In Crawford, the Supreme Court
revisited its prior decision in Ohio v. Roberts, in which the Court had held
that the admission of the hearsay statement of an unavailable witness does not
violate the right of confrontation so long as the statement “falls under a
‘firmly rooted hearsay exception’ or bears ‘particularized guarantees of
trustworthiness.’”  See id. at 60, 124 S. Ct. at 1369 (quoting Roberts,
448 U.S. 56, 66, 100 S. Ct. 2531, 2539, 65 L. Ed. 2d 597 (1980)).  The Court
concluded in Crawford that the Roberts rationale was not
“faithful to the original meaning of the Confrontation Clause.”  Id.

          In place of the Roberts
standard, the Court adopted a two-part test, depending on whether the statement
at issue is “testimonial” or “non-testimonial.”[7]  Id. at 68, 124 S. Ct. at 1374.

                    Where nontestimonial hearsay
is at issue, it is wholly consistent with the Framers’ design to afford the
States flexibility in their development of hearsay law—as does Roberts,
and as would an approach that exempted such statements from Confrontation
Clause scrutiny altogether.  Where testimonial evidence is at
issue, however, the Sixth Amendment
demands what the common law required: unavailability and a prior
opportunity for cross-examination.

 

Id.

          We need not decide whether J.Q.’s
statements to Salter are “testimonial” however.  “[W]hen the declarant appears
for cross-examination at trial, the Confrontation Clause places no constraints
at all on the use of his prior testimonial statements.”  Id. at 59 n.9,
124 S. Ct. at 1369 n.9.

          J.Q. testified at trial and was
cross-examined by Hanson.  Therefore, the admission of his prior out-of-court
statements to Salter did not violate his right of confrontation.  Id.  As noted, this is an issue of first impression in Texas.  However, our holding
is consistent with the vast majority of courts in other states which have
considered this issue.[8]

          Accordingly, we overrule Hanson’s
second point.

Double Jeopardy

          Hanson contends in his third point
that his convictions for both the second and third counts of the indictment
alleging aggravated sexual assault violate the state and federal constitutional
protections against double jeopardy.  He contends in his fourth point that his
convictions for both the fourth and fifth counts of the indictment alleging
indecency by contact violate the state and federal constitutional protections
against double jeopardy.  He argues that only one of these aggravated sexual
assault convictions and only one of the indecency convictions should be allowed
to stand.

          Before we reach the jeopardy issue
however, it must be noted that Hanson did not raise this objection at trial. 
Hanson will be excused from the ordinary rules of procedural default “when the
undisputed facts show the double jeopardy violation is clearly apparent on the
face of the record and when enforcement of usual rules of procedural default
serves no legitimate state interests.”  Gonzalez v. State, 8 S.W.3d 640,
643 (Tex. Crim. App. 2000); accord Murray v. State, 24 S.W.3d 881, 888
(Tex. App.—Waco 2000, pet. ref’d).

          Here, because we have a complete
record, “it can be determined from undisputed facts clearly apparent on the
face of the record” whether there has been a jeopardy violation.  See Murray, 24 S.W.3d at 889.

          Count two alleges that Hanson committed
aggravated sexual assault by causing J.Q.’s penis to contact Hanson’s mouth. 
Count three alleges that Hanson’s penis penetrated J.Q.’s anus.  Count four
alleges that Hanson committed indecency with a child by touching J.Q.’s
genitals.  Count five alleges that Hanson caused J.Q. to touch Hanson’s
genitals.

          Hanson relies on Patterson v. State,
in which the Court of Criminal Appeals held that a conviction for an offense
listed in section 3.03 of the Penal Code

          bars conviction for conduct that, on
the facts of the case, is demonstrably part of the commission of the greater
offense.  For example, indecency by genital exposure of oneself in the course
of manual penetration of another are separate offenses, while penile contact
with mouth, genitals, or anus in the course of penile penetration will be
subsumed.

 

152 S.W.3d 88, 92 (Tex. Crim. App. 2004).

          As the Austin Court of Appeals has
since explained, the issue is whether the “convictions are based on the same
act.”  Barnes v. State, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no
pet.); accord Elder v. State, 132 S.W.3d 20, 24-25 (Tex. App.—Fort Worth
2004, pet. ref’d) (conviction based on “same acts” is jeopardy-barred).  Thus,
if a defendant commits the aggravated sexual assault of a child by penetrating
the child’s mouth with his penis, then the defendant cannot also be prosecuted
for the indecency by contact which necessarily occurred in the course of
committing the aggravated sexual assault.  See e.g. Barnes, 165 S.W.3d
at 88; see also Elder, 132 S.W.3d at 23-25 (subsequent conviction for
aggravated sexual assault for penetration of child’s sexual organ by mouth
jeopardy-barred by prior prosecution for indecency by contact relying on same
conduct).

          Here, counts two and three allege two
distinct offenses which cannot be subsumed within each other.  Hanson simply
misreads Patterson when he broadly construes it to allow only a single
conviction regardless of the number of criminal acts which occur during “a
single sexual encounter.”  Rather, as the Court of Criminal Appeals explained
in Lopez v. State, “An actor can be prosecuted for separate violations
of Tex. Penal Code § 22.021 based
on different acts which occur in the same transaction because each act is a
separate violation of the child.”  108 S.W.3d 293, 300 n.28 (Tex. Crim. App. 2003).

          Because counts two and three allege
distinct offenses based on different conduct, Hanson’s conviction for one of
these counts does not bar his conviction for the other also.  See Elder,
132 S.W.3d at 25; Murray, 24 S.W.3d at 889.

          In the same manner, counts four and
five allege distinct offenses based on different conduct.  One alleges that
Hanson committed the offense by by touching J.Q.’s genitals; the other alleges that
Hanson caused J.Q. to touch Hanson’s genitals.  Thus, Hanson’s conviction for
one of these counts does not bar his conviction for the other.  Id.

          Accordingly, we overrule Hanson’s
fourth and fifth points.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring in the judgment without a separate opinion)

Affirmed

Opinion delivered and
filed October 26, 2005

Publish

[CR25]









[1]
          541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).





[2]
          One of the issues on which the
Court of Criminal Appeals has granted review is “Whether referring to the
complainant as the victim of the offense in the jury charge constitutes an
impermissible comment on the weight of the evidence when the jury charge
tracked the language of the statute.”  See Casey v. State, No. PD-0548-05
(Tex. Crim. App. Sept. 14, 2005) (order granting State’s petition for
discretionary review).

 





[3]
          The term “article” as used
hereinafter refers to an article of the Code of Criminal Procedure unless
otherwise indicated.

 





[4]
          The statute actually provides
that the child must testify or be available to testify “in court or in any
other manner provided by law.”  Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b)(3) (Vernon 2005).  However,
because the complainant in this case testified at trial, we do not address
testimony “in any other manner provided by law.”

 





[5]
          The offenses occurred in Texas when the complainant was visiting his grandmother.  The complainant lives in Florida.  Salter is a “child protective investigator” employed by the State of Florida.

 





[6]
          The Court of Criminal Appeals
granted discretionary review in Biggs without issuing a written opinion,
vacated the Court of Appeals’ judgment, and remanded the case to the lower
court to conduct a factual sufficiency review.  See Biggs v. State, 1997
 Tex. App. LEXIS 5640 at *1 (Tex. App.—Houston [1st Dist.] Oct. 30, 1997, pet.
ref’d) (not designated for publication).

 





[7]
          The Court left “for another day
any effort to spell out a comprehensive definition of ‘testimonial.’”  Crawford
v. Wash., 541 U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).

 





[8]
          See King v. Ala., 2005 Ala. Crim. App. LEXIS 123 at *12 (June 24, 2005); Cal. v. Martinez, 125 Cal. App.
4th 1035, 1050, 23 Cal. Rptr. 3d 508, 519 (Cal. App. 3d Dist. 2005); Col. v.
Argomaniz-Ramirez, 102 P.3d 1015, 1017-19 (Col. 2004); Conn. v. Samuels,
273 Conn. 541, 568-69, 871 A.2d 1005, 1023 (2005); Starr v. Ga., 269 Ga.
App. 466, 468-69, 604 S.E.2d 297, 299 (2004); Ill. v. Cookson, 215 Ill.
2d 194, 203-04, 830 N.E.2d 484, 489-90 (2005); Mass. v. King, 445 Mass.
217, 236-37, 834 N.E.2d 1175, 1193 (2005); Elkins v. Miss., 2005 Miss.
App. LEXIS 483 at **7-8 (July 26, 2005); Gaxiola v. Nev., 119 P.3d 1225,
1230-31 (Nev. 2005); N.C. v. Painter, 2005 N.C. App. LEXIS 2000 at
**13-18 (Sept. 20, 2005); S.D. v. Carothers, 2005 SD 16, ¶¶ 8-14, 692
N.W.2d 544, 546-49 (2005); Wash. v. Price, 127 Wash. App. 193, 200-01,
110 P.3d 1171, 1175 (Wash. App. Div. 2 2005); Wis. v. James, 2005 WI
App. 188, ¶¶ 9-11, 2005 WI App. 188, ¶¶ 9-11, 703 N.W.2d 727, 732-33 (2005).